# In the United States Court of Federal Claims

No. 18-1391C

(Filed: April 5, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| ROBERT HURFORD HALE,<br><br>              Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>              Defendant. | Pro Se Complaint; Dismissal for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim upon Which Relief Can Be Granted; RCFC 12(b)(1); RCFC 12(b)(6); Miscellaneous Relief Requested Regarding the Internal Revenue Service; Copyright Infringement Claim. |

Robert Hurford Hale, Henderson, NV, pro se.

Carrie Rosato, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Gary L. Hausken, Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC. Scott Bolden, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

    This matter is before the court on defendant's motion to dismiss the complaint, brought under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). This motion has been fully briefed, as follows: defendant's motion, ECF No. 7; plaintiff's response, ECF No. 9; and, defendant's reply, ECF No. 10.[1] The court also has before it plaintiff's motion to proceed in forma pauperis. See ECF No. 4. Both motions are ripe for a ruling. For the reasons set forth below, defendant's motion is **GRANTED**, and plaintiff's motion is **DENIED** as moot.

---

[1] All document references and page citations are to the electronic record preserved in the court's Case Management/Electronic Case Files (CM/ECF) system.

I.  Background

On September 10, 2018, Mr. Robert Hurford Hale filed suit in this court against the United States, requesting approximately $100,000 in monetary damages and describing his claim as one founded on an "insurance fraud scheme and copyright violation." ECF No. 1 at 2 (complaint); see also ECF No. 1-4 at 1. The factual allegations in the complaint address, in large part, certain actions of the Internal Revenue Service (IRS) that have had a negative impact on plaintiff's financial situation. ECF No. 1 at 2-4.

The government asserts that there is no jurisdiction in this court for plaintiff's claims. Alternatively, the government argues that the facts alleged in the complaint do not state a claim upon which relief can be granted. Further, defendant argues that plaintiff's complaint is frivolous and must be dismissed under 28 U.S.C. § 1915(e)(2) (2012). Because the first two grounds for dismissal are dispositive, the court does not reach defendant's dismissal argument founded on § 1915(e)(2).

II.  Legal Standards

A.  Pro Se Litigants

The court observes that Mr. Hale is proceeding pro se and thus, is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined plaintiff's complaint, response brief, and attachments thereto to discern his legal arguments.

B.  Subject Matter Jurisdiction

When rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

> This court's jurisdiction, based on the Tucker Act, is a grant of
>
> jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act functions as a jurisdictional statute, but plaintiffs in this court also must ground their substantive right to bring an action in a specific source of law. United States v. Testan, 424 U.S. 392, 400 (1976). The Supreme Court of the United States has stated that in general, this court may entertain a suit only if it is founded upon a claim for money allegedly due to the plaintiff from the government. Id. at 397-98; see also Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994) (noting that, with limited exceptions, only monetary relief is available from this court). This aspect of the jurisdictional inquiry focuses on whether plaintiff has identified a "money-mandating" source of law. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992). This court also has jurisdiction to consider claims that allege that the United States has infringed upon a federal copyright held by the plaintiff. 28 U.S.C. § 1498(b) (2012).

    C.    Failure to State a Claim upon Which Relief Can Be Granted

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer, 416 U.S. at 236. The court must inquire, however, whether the complaint meets the "plausibility" standard described by the Supreme Court, that is, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560, 563 (2007) (Twombly) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

III.    Discussion

    A.    The Court Does Not Have Jurisdiction to Hear Plaintiff's Claims for Injunctive Relief

Mr. Hale requests that the court "[e]njoin the IRS from taking any more funds from [his] bank accounts, Social Security, and Military Retirement," and compel the IRS to present him with "a proper payment coupon." ECF No. 1 at 4. As defendant notes, this court's jurisdiction does not include the power to issue the injunctive relief requested

by plaintiff. ECF No. 7 at 5-6 (citing cases). Nothing in plaintiff's complaint or response brief establishes that this court has jurisdiction over his claims for equitable relief. See Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2) [(2012)], there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief.") (citations omitted).

      B.      The Court Does Not Have Jurisdiction to Hear Plaintiff's Claims for Monetary Damages Related to IRS Actions

Defendant notes that this court possesses jurisdiction to entertain claims seeking a refund of taxes paid to the United States Treasury, but also notes that tax refund suits require that the plaintiff first pursue administrative remedies in a timely fashion, and then timely pursue a claim in this court based on the failure to obtain relief through an administrative remedy. ECF No. 7 at 7. The complaint does not establish that these prerequisites to suit occurred. Id. Nor does plaintiff's response brief address this jurisdictional flaw. To the extent that the complaint could be read to include a claim for a tax refund, plaintiff's complaint does not meet the jurisdictional requirements for such a suit. See, e.g., United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 8 (2008) (stating that "taxpayers seeking refunds of unlawfully assessed taxes must comply with the [Internal Revenue] Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim").

Plaintiff also seeks treble damages for monies the IRS has obtained from him, under 18 U.S.C. § 2333 (2012). ECF No. 1 at 1-2, 4. As defendant notes, this statute is directed to providing relief to any national of the United States injured by an act of international terrorism. ECF No. 7 at 6. There is no jurisdiction in this court for claims brought under § 2333. See 18 U.S.C. § 2333(a) (stating that suits may be brought "in any appropriate district court of the United States").

      C.      The Court Does Not Have Jurisdiction to Refer Criminal Claims to Law Enforcement Authorities

Plaintiff includes a request that this court "[r]efer IRS agent to Law enforcement for violation of" criminal laws which punish fraud. ECF No. 1 at 4. As defendant notes, criminal matters are not within this court's jurisdiction. ECF No. 7 at 7. This court cannot entertain a claim which is founded on criminal statutes. E.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). Thus, plaintiff's request that the court refer an IRS agent to law enforcement authorities to address violations of criminal laws is beyond the power of this court.

    D.      Plaintiff's Copyright Infringement Claim Fails to State a Claim upon Which Relief Can Be Granted

Mr. Hale states that he holds some form of copyright to his name, and that the United States owes him damages for infringing on his name. ECF No. 1 at 3-4. In his view, apparently, the collection activities of the IRS are actionable under the theory of copyright infringement. Id. at 4. Defendant notes that this type of argument is foreclosed for a number of reasons. ECF No. 7 at 7-10. The court will address only one of those reasons here.

Plaintiff concedes that he does not hold a federal copyright to his name. ECF No. 9 at 4. A copyright infringement claim in this court cannot be successful in such circumstances. See Roberson v. United States, 115 Fed. Cl. 234, 241 (2014) ("Registration is a required element that a plaintiff must prove to recover for [copyright] infringement.") (citations omitted). The court must therefore dismiss plaintiff's copyright infringement claim for failure to state a claim upon which relief can be granted. Id.

    E.      Transfer to District Court Not Warranted

The court considers whether any of the claims in plaintiff's complaint should be transferred to another federal court. Transfer of claims is governed by 28 U.S.C. § 1631 (2012):

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . .

Id. "Transfer is appropriate when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The first condition of the transfer statute has been met, because this court lacks jurisdiction for all of plaintiff's claims except his copyright infringement claim. The second and third conditions are not met, however, in the court's view. Plaintiff has previously attempted to obtain relief against the IRS in a federal district court. See Hale v. Enjalran, No. 2:07-cv-02500-LEW-KJM (E.D. Cal., dismissed Jan. 3, 2008). Jurisdictional barriers to that suit were identified by the United States. See Motion to Dismiss, Hale v. Enjalran, No. 2:07-cv-02500-LEW-KJM (E.D. Cal., filed Dec. 21, 2007). The court does not conclude that transfer is in the interest of justice, because plaintiff's claims would be dismissed by a district court for any number of reasons.

IV.  Conclusion

The entirety of this suit must be dismissed.  Mr. Hale does not bring claims over which this court has jurisdiction, except for his copyright infringement claim.  The facts alleged to support the copyright infringement claim, however, do not entitle Mr. Hale to a legal remedy.

For these reasons, defendant's motion to dismiss, ECF No. 7, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** all of plaintiff's claims, except his copyright infringement claim, for lack of subject matter jurisdiction, without prejudice.  As to plaintiff's copyright infringement claim, the clerk's office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** this claim, with prejudice, for failure to state a claim upon which relief can be granted.  Because this suit must be dismissed, plaintiff's motion to proceed in forma pauperis, ECF No. 4, is **DENIED** as moot.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge